UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGELA NAILS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-356-G |
| | ) |
| MID CENTURY INSURANCE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Angela Nails, appearing pro se, initiated this federal civil action against Defendant Mid Century Insurance on April 27, 2023. *See* Compl. (Doc. No. 1). Defendant has now filed a Motion to Dismiss (Doc. No. 10), to which Plaintiff has responded (Doc. No. 13). Accordingly, the Motion is now at issue.

In the Motion to Dismiss, Defendant argues that dismissal is proper based upon improper venue, insufficient service of process, and failure to state a claim upon which relief can be granted. *See* Def.'s Mot. to Dismiss at 6-13 (citing Fed. R. Civ. P. 12(b)(3), (5), (6)). Plaintiff responds only that the Complaint should not be dismissed because Plaintiff has claims arising under "the insurance laws" and because Defendant was served prior to the expiration of the statute of limitation for those claims. Pl.'s Resp. at 1.

Although Plaintiff is appearing pro se and proceeding *in forma pauperis*, she "must still comply with the same rules of procedure" as govern other litigants. *Dona't v. Amazon.com/Kindle*, 482 F. Supp. 3d 1137, 1144 (D. Colo. 2020). While Plaintiff's pleadings are "held to a less stringent standard than formal pleadings drafted by lawyers,"

the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

Plaintiff's Response, liberally construed, fails to provide any reasoned opposition to Defendant's dismissal request. Even assuming venue and service of process are proper, Plaintiff effectively concedes Defendant's Rule 12(b)(6) defense by failing to address the merits of her claims or dispute any of Defendant's factual representations. The Court's own review of the pleading likewise shows that Plaintiff fails to state a plausible claim. *Cf.* 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, Defendant is entitled to dismissal. *See Smith*, 561 F.3d at 1096; Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss (Doc. No. 10) is GRANTED. The Complaint (Doc. No. 1) is DISMISSED without prejudice for failure to state a claim upon which relief can be granted.

A separate judgment shall be entered.

IT IS SO ORDERED this 6th day of May, 2024.

_____
CHARLES B. GOODWIN
United States District Judge